# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) RL HUDSON COMPANY,<br><br>　　Plaintiff,<br><br>v.<br><br>(1) FEDERAL INSURANCE COMPANY; AND (2) TEDFORD & ASSOCIATES, LLC<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 4:25-cv-00326-MTS<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL
## BY DEFENDANT FEDERAL INSURANCE COMPANY

Defendant Federal Insurance Company hereby removes the lawsuit currently pending before the District Court of Tulsa County, State of Oklahoma, Case No. CJ-2025-02216 (Greenough, J.) to the United States District Court for the Northern District of Oklahoma, and would respectfully show the Court as follows:

1.　　This action is removable pursuant to 28 U.S.C. § 1441(a) based on the original jurisdiction conferred upon this Court by 28 U.S.C. § 1332(a)(1), *i.e.*, the complete diversity of citizenship of the parties and the sufficiency of the amount in controversy.

2.　　Federal Insurance Company ("Federal") is incorporated under the laws of the State of Indiana with its principal place of business in the State of New Jersey. Therefore, Federal is a citizen of Indiana and New Jersey for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(c)(1).

3. According to Paragraph 1 of the Petition filed in the state court below, plaintiff "RL Hudson Company," which, according to the records of the Oklahoma Secretary of State and the policy at issue in this lawsuit is actually "R.L. Hudson & Company" ("Plaintiff"), is an Oklahoma corporation and its principal place of business is in Broken Arrow, Oklahoma. Therefore, Plaintiff is a citizen of Oklahoma for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(c)(1).

4. Defendant Tedford & Associates, LLC ("Tedford") is, according to Paragraph 4 of the Petition, an Oklahoma limited liability company whose principal, Rep. Mark Tedford, is a resident of Oklahoma.

5. While the fact that Tedford's member is a citizen of the same state as Plaintiff would otherwise result in non-diverse parties, Tedford's citizenship should be disregarded based on fraudulent joinder principles. Specifically, Plaintiff cannot state or prove a claim against Tedford. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) ("To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) *inability of the plaintiff to establish a cause of action against the non-diverse party in state court*." [emphasis added]. Hence, Tedford's citizenship should be disregarded.

6. Specifically, Plaintiff alleges two causes of action against Tedford based upon the allegation that Tedford "solicited and sold insurance policies to Plaintiff in 2019 while making certain representations that the policies and coverages were *appropriate* for the business risks that Plaintiff identified." (Petition at ¶ 10, Exh. 2). [emphasis added].

7. First, Plaintiff alleges a negligent procurement claim against Tedford, alleging that it "requested from Tedford a policy of the *appropriate* coverage form and insurance types to cover a variety of business risks." (*Id*. at ¶ 41). [emphasis added]. However, according to Plaintiff, Tedford "failed to procure for [Plaintiff] an insurance policy with *proper* coverage for the risk that Hudson sought to have covered." (*Id.* at ¶ 44).

8. Based upon the allegations of its court petition, Plaintiff will be unable to establish a claim for negligent procurement against Tedford for four distinct reasons. First, as the court held in *Mueggenborg v. Ellis*, 55 P.3d 452, 454 (Okla. Ct. Civ. App. 2002):

> Plaintiffs allege they told Ellis they wanted "adequate protection." Purchasers of insurance usually do seek "adequate protection." This is a typical request by an insured. "To permit a conversation such as this to serve as the basis for an issue of fact leading to a finding of an expanded principal-agent relationship would in substance make the agent a blanket insurer for his principal."

The *Mueggenborg* rationale encapsulates succinctly the public policy concerns that inform the limitations on insurance agent liability imposed by the Oklahoma courts. To allow an insured to recover against his or her agent every time a policy's provisions resulted in the insured ultimately receiving less than desired would require the agent to prophesy the circumstances surrounding future claims, the applicability and effect of a policy's terms and conditions under those particular circumstances, and effectively serve as a guarantor that in all cases the insured would be made whole. *See Rotan v. Farmers Ins. Group of Cos., Inc.*, 83 P.3d 894, 895 (Okla. Ct. Civ. App. 2004) ("To discharge their duty to act in good faith and use reasonable care, skill, and diligence in the procurement of insurance,

including use of their specialized knowledge about the terms and conditions of insurance policies, insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds, and this duty is not expanded by general requests for 'full coverage' or 'adequate protection.'"). The federal courts are in accord. *See e.g.*, *Hernandez v. Liberty Ins. Corp.*, 73 F.Supp.3d 1332, 1337-38 (W.D. Okla. 2014) (holding that insured had no possibility of recovery against agent for failure to procure adequate coverage); *Dabbs v. Shelter Mut. Ins. Co.*, Case No. CIV-15-148-D (W.D. Okla. Sept. 30, 2015) ("Both *Swickey, Cosper*, and their progeny clearly provide that an action for negligent procurement of insurance shall lie where an agent fails to procure an insurance policy requested by an insured; to date, the Oklahoma appellate courts have declined to attach liability to an allegation that the agent failed to procure an 'adequate' policy"); *Siddique v. Western Heritage Ins. Co.*, Case No. CIV-14-456-SPS (E.D. Okla. May 21, 2015) (discussing cases).

9. Second, Plaintiff's allegations against Tedford are belied by its own allegations. On the one hand, Plaintiff's negligence claim against Tedford is, according to its own allegations, based upon a jury ultimately concluding that "the Policy did not cover the loss that [Plaintiff] sustained." (Petition at ¶ 44). However, Plaintiff alleges the claim for reimbursement of the more than $334,000 that Plaintiff paid, *was* covered and *was* recognized as such by Federal. (*Id*. at ¶¶ 17, 19 and 26). Hence, as a matter of law, Tedford could not have failed to procure "appropriate" coverage as any alleged issues with respect to Federal's payment of the amounts allegedly due under the policy had nothing whatsoever

to do with *Tedford*. Rather, according to Plaintiff, the issue pertained to *delays in payment*. *See id.* at ¶¶ 26 and 27 ("Federal has recognized [Plaintiff's] claim as a covered loss. In spite of that, Federal has never paid [Plaintiff's] claim as the Policy requires").["1]

10.   Third, as an additional grounds for its negligence claim, Plaintiff alleges that Tedford, "failed to meaningfully assist [Plaintiff] in its attempts to have its claim paid . . ." (*Id.* at ¶ 45). The Oklahoma Insurance Code, Okla. Stat. tit. 36, § 101 *et seq.*, places the responsibility for the adjustment of insurance claims on *adjusters*, whose role is to "investigate claims, adjust losses, negotiate claim settlements, or perform incidental duties arising pursuant to the provisions of insurance contracts on behalf of an insurer." *Id.* at § 6202(3). Tedford was, on the other hand, an insurance *producer*, whose role is to "sell, solicit or negotiate insurance." *See id.* at 1435.2(7). No cause of action exists against an insurance producer for allegedly failing to "meaningfully assist" an insured in connection with the adjustment of its claim.

11.   Fourth, Plaintiff alleges that Tedford procured the policy at issue in 2019 (Petition at ¶¶ 9-10, Exh. 2). Plaintiff alleges that it suffered a loss, which was payable, in

---

[1] As Plaintiff is aware, the delays in payment were the result of Federal becoming aware that reimbursement of the payment made by Plaintiff could run afoul of the United States Department of the Treasury's Office of Foreign Asset Control ("OFAC") sanctions. Moreover, the policy's "Compliance with Trade Sanctions" stated that "[t]his insurance does not apply to the extent that trade or economic sanctions or other similar laws or regulations prohibit the Company from providing insurance." Federal took the initiative to address this issue, which has resolved. Presumably, Plaintiff does not urge that Tedford should have procured on its behalf a policy that would have obligated any party to take any action that would potentially violate federal law.

2020. (*Id*. at ¶¶ 13 and 18). Plaintiffs' claim against Tedford was barred by Oklahoma's two (2) year Statute of Limitations several years ago. *See* Okla. Stat. tit. 12, § 95(A)(3).

12. Plaintiff also alleged a "constructive fraud" claim against Tedford, which failed to comply with Fed.R.Civ.P. 9(b).

13. Aside from its failure to satisfy federal (or state) pleading standards, the claim fails for three additional reasons. First, Plaintiff vaguely alleged that Tedford had a duty to "fully disclose what benefits the Policy offered and what types of claims would be covered." (Petition at ¶ 48). This is insufficient to serve as a basis for liability. *See Smith v. Allstate Vehicle & Prop. Ins. Co*., Case No. CIV-14-0018-HE (W.D. Okla. April 8, 2014) ("Courts routinely reject insureds' attempts to hold their insurance agent or insurance company liable for failing to explain the terms of coverage").

14. Second, as was the case with Plaintiff's negligence claim, its constructive fraud claim is dependent upon a jury concluding that "the Policy did not cover the loss that [Plaintiff] sustained." (Petition at ¶ 51). Plaintiff alleges, however, that the claim for reimbursement of the more than $334,000 that Plaintiff paid, *was* covered. (*Id*. at ¶¶ 17, 19 and 26). Again, any alleged issues with respect to allegedly delays in Federal's payment of the amounts allegedly due under the policy had nothing to do with Tedford.

15. Third, as was the case with Plaintiff's negligence claim, its claim for constructive fraud against Tedford is barred by Oklahoma's two (2) year Statute of Limitations on fraud claims. Okla. Stat. tit. 12, § 95(A)(3).

16. Given that defendant Tedford was fraudulently joined, its consent to removal is not required. *Ervin v. Minnesota Life Ins. Co*., No. CIV-19-393 RAW, 2020 WL

2521510, at *1 n.1 (E.D. Okla. May 18, 2020) ("A defendant who was allegedly fraudulently joined need not consent to the notice of removal."); *Coppedge v. Cabot Norit Americas, Inc.,* No. 19-CV-705-CVE-FHM, 2020 WL 967339, *2 (N.D. Okla. Feb. 27, 2020) ("It is … not necessary for removing defendants to obtain the consent of parties who were allegedly fraudulently joined"); *511 Couch LLC v. Travelers Prop. Cas. Co. of Am.*, No. CIV-14-1279-F, 2015 WL 13567456, at *3 (W.D. Okla. Feb. 6, 2015) ("A fraudulently joined defendant need not join in the removal notice.").

17.  Moreover, the state court docket sheet, contemporaneously submitted herewith as Exhibit 1, does not reflect service of process on Tedford. *See Doe v. Sunflower Farmers Markets, Inc.*, 831 F. Supp. 2d 1276, 1279 (D.N.M. 2011) (defendants were not required by unanimity rule to obtain co-defendant's consent to removal, where plaintiff did not file return of service for co-defendant's summons until same day defendants filed their notice of removal; a removing defendant is not required to take action "beyond consulting the state court record to ascertain whether service was properly made"); *Moreno v. Taos Cnty. Bd. of Comm'rs*, 778 F. Supp. 2d 1139, 1141 (D.N.M. 2011) (looking at the "state court record" to determine the date each defendant was served, and specifically citing the completed and filed return); *Williams v. Boyd Racing LLC*, No. 2:15-CV-2673, 2016 WL 236993, at *4 (W.D. La. Jan. 19, 2016) ("As the serving party, Williams bears the burden of proving that service upon Boyd Racing was proper. His return of service … provides insufficient substantiation of this issue. Therefore Boyd Racing is considered a non-served defendant in this matter."); *Cf. Sowell v. Bourn & Koch, Inc.*, No. 18-CV-0320-CVE-FHM, 2019 WL 3850526, at *5 (N.D. Okla. Aug. 15, 2019) ("To date, Sowell has not filed a

return of service showing service on Jones & Lamson. Sowell has, therefore, failed to timely serve Jones & Lamson under Fed. R. Civ. P. 4(m)."). *See also* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought") (emphasis added).

18. Thus, based upon the above, complete diversity of citizenship exists between the parties hereto and removal is proper.

19. The amount in controversy exceeds $75,000 exclusive of interest and costs as alleged in Prayer for Relief contained in the Petition.

20. Removal to this Court is proper under 28 U.S.C. § 1441(a) because the Northern District of Oklahoma embraces Tulsa County, Oklahoma, the place where Plaintiff filed its state court Petition.

21. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1). The 30-day deadline to remove does not begin to run until a defendant is served with process, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). *See also Rocky Branch Marina, L.L.C. v. N Assur. Co. of Am.*, 09-CV-15-GKF-TLW, 2009 WL 997016, at *1 (N.D. Okla. Apr. 14, 2009) ("[b]ecause plaintiff served defendant's statutory agent, the clock for removal did not begin ticking until defendant received a copy of the state court petition from the agent"). *See also Brown v. Rock Ridge Ins. Co.*, Case No. 24-CV-771-D (W.D. Okla. Oct. 15, 2024). Federal actually received service of process on June 17, 2025, making July 16, 2025 its removal deadline. (See Exh. 7 hereto).

22.     Pursuant to LCvR 81.2(a) and 28 U.S.C. § 1446, the following documents are also attached and contemporaneously filed herewith: (i) the State Court Docket Sheet, attached as Exhibit 1 and incorporated herein by reference; and (ii) a copy of all process, pleadings, and orders filed or served in the case, attached as Exhibits 2-6, to-wit: the Petition and plaintiffs' counsel's Entries of Appearance, return of service, and motion for default judgment.

23.     In accordance with LCvR 3.1, a civil cover sheet will be filed contemporaneously herewith.

24.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the clerk of the state court from which the action was removed and will also be served on Plaintiff by service upon its counsel of record and upon co-defendant Tedford & Associates, LLC at the office of its registered service agent.

25.     By filing this Notice of Removal, Federal does not intend to waive any defenses nor the right to file appropriate motions or responsive pleadings in accordance with Fed.R.Civ.P. 81(c)(2).

DATED: June 30, 2025

s/ John D. Stiner
John D. Stiner, OBA #18148
STINER LAW FIRM, PLLC
701 North Broadway Avenue, Suite 430
Oklahoma City, OK 73102
Telephone: (405) 602-1591
Facsimile; (405) 602-1754
john@stinerlaw.com

**ATTORNEY FOR DEFENDANT
FEDERAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025, in accordance with 28 U.S.C. § 1446(d), written notice has been sent, via first-class mail, upon the adverse parties hereto, via service upon the following counsel:

Whitney M. Eschenheimer
Jason L. Callaway
Johnson & Jones, P.C.
Two Warren Place
6120 S. Yale Avenue, Suite 500
Tulsa, OK 74136

Mark A. Tedford
121 E. Main Street
Jenks, OK 74037

s/ John D. Stiner