

DISTRICT COURT
F I L E D
MAY 19 2025
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| RL HUDSON COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>1) FEDERAL INSURANCE COMPANY, and<br>2) TEDFORD & ASSOCIATES, LLC<br><br>Defendants. | Case No. CJ-2025-02216<br><br>KELLY M. GREENOUGH |

## PETITION

COME NOW, Plaintiff RL Hudson Company ("Hudson" or "Plaintiff"), and hereby states for its Petition against Defendants, Federal Insurance Company ("Federal") and Tedford & Associates, LLC ("Tedford") as follows:

### PARTIES

1. Hudson is an Oklahoma corporation doing business principally in Broken Arrow, Tulsa County, Oklahoma.

2. Federal is an insurance company authorized to solicit business and sell insurance in the state of Oklahoma by the Oklahoma Insurance Commissioner.

3. Federal can be served by and through the Oklahoma Insurance Commissioner.

4. Tedford is a domestic limited liability company which operates in Tulsa County and has its principal place of business at 121 E. Main Street in Jenks, Tulsa County, Oklahoma.

5. Tedford may be served through its registered agent, Mark Tedford, at 121 E. Main Street, Jenks, Oklahoma 74037.

### JURISDICTION AND VENUE

6. Federal and Tedford offered insurance policies for sale to customers located in Tulsa County, Oklahoma, including Hudson, with the intent and knowledge that their

customers would rely on those policies. Accordingly, both exercised the privilege of conducting business in the state of Oklahoma and are therefore subject to personal jurisdiction in this Court.

7. Venue in this Court is proper pursuant to 12 O.S. §§ 134, 137 because Tedford has its principal office in Tulsa County and Plaintiff may be considered to reside in Tulsa County.

## FACTUAL ALLEGATIONS

8. Federal authorized Tedford's principal, Mark Tedford, to solicit business and sell Federal insurance policies in the state of Oklahoma, and his appointment is reflected by the records of the Oklahoma Insurance Commissioner.

9. On behalf of Tedford and, by extension, Federal, Mark Tedford solicited and sold insurance policies to Plaintiff in 2019 while making certain representations that the policies and coverages were appropriate for the business risks Plaintiff identified.

10. On or before October 1, 2019, Tedford sold Plaintiff a Forefront Portfolio 3.0 No. 8255-4382 package policy of insurance ("the Policy") on a form authored by the Chubb Group of Insurance Companies.

11. The Policy had coverage effective dates of October 1, 2019 to October 1, 2020.

12. Among other coverages, the Policy included coverage for cyber liability, which Federal and Tedford marketed as a product intended to ensure security and peace of mind for business enterprises from risks of data loss, business extortion, business interruption, network security liability, cybercrimes, and ransomware attacks.

13. On or around June 11, 2020, Hudson experienced a claim as defined in the Policy.

14. Hudson reported the claim to Tedford and Federal the same day.

15. Hudson proceeded to comply with all of Federal's requirements, including hiring vendors

and making payments from its own funds, that Federal required as part of the claims process.

16. On June 13, 2020, Hudson with full knowledge and consent of Federal sustained a financial loss and claim in the amount of $334,388.13.

17. Federal subsequently admitted that the loss and Hudson's subsequent payments satisfied the Policy's proof of loss requirement and that Hudson's claim was a covered claim.

18. Hudson submitted its loss and damages of $334,388.13 and claim expenses to Federal, but the claimed loss has never been paid.

19. Likewise, Federal has never formally denied the claim, stating instead that the claim remains pending.

20. Plaintiff has tried to request the status of the claim and reached out to Federal before filing this Petition, but its employee's only response was: "I acknowledge receipt of your correspondence which I will review with the appropriate parties and will respond accordingly. Federal Insurance Company continues to reserve all rights at law and in equity under the Policy."

## COUNT ONE: BREACH OF CONTRACT (FEDERAL)

21. Hudson realleges and incorporates by reference all preceding paragraphs as if restated herein.

22. The Policy is a valid and binding contract between Hudson and Federal.

23. Through the Policy, Federal agreed to pay certain types of losses.

24. Hudson experienced a covered loss, which it reported to Federal in a timely fashion.

25. Hudson fully complied with all reasonable requests Federal made during the claim process, including without limitation retaining vendors that Federal required and making payments from its own funds.

26. Federal has recognized Hudson's claim as a covered loss.

27. In spite of that, Federal has never paid Hudson's claim as the Policy requires.

28. Accordingly, Federal has breached the Policy's terms, damaging Hudson in an amount in excess of $334,388.13.

29. Hudson also experienced business interruption loss that was never investigated or adjusted by Federal.

30. Pursuant to 36 O.S. § 3629 (B), Hudson is additionally entitled to costs and attorneys' fees as well as prejudgment interest at the statutory rate of 15% from June 13, 2020 through the date of the verdict in this matter.

## COUNT TWO: BAD FAITH BREACH OF INSURANCE POLICY (FEDERAL)

31. Hudson realleges and incorporates by reference all preceding paragraphs as if restated herein.

32. Federal was required to pay Hudson's claim pursuant to the Policy's terms.

33. Under Oklahoma law, Federal owed Hudson, its insured, a duty of continuing good faith and fair dealing.

34. Federal breached the terms of the Policy and violated its duty of good faith and fair dealing with Hudson through its actions and omissions, including but not limited to:

   A. Unreasonably delaying claims handling and investigation of Hudson's claim for almost five years;

   B. Failing to make claim payments timely when due;

   C. Failing to disclose policy provisions timely to allow the insured to maximize the coverage provided by the Policy;

   D. Failing to take a formal coverage position either to accept or deny Hudson's claim within 60 days of the loss being submitted and incurred as required by Oklahoma

4

law;

E. Actively misrepresenting facts and withholding coverage benefits;

F. Delegating and/or outsourcing claims functions to third-party vendors without proper supervision, monitoring, or verification and without regard to Policy provisions or Oklahoma law; and

G. Failing to provide Hudson with any details of its investigation of the claim.

35. Further, upon information and belief, Defendant Federal Insurance Company engaged in this conduct on many similar claims occurring at or near the same time creating a pattern of misleading insureds in this and similar claim scenarios.

36. Federal's breach of its duty of good faith and fair dealing was the direct cause of Hudson's injury, in that Federal's breach resulted in Hudson having not been repaid for its expenditures of $334,388.13 that should have been covered under the Policy since June 13, 2020.

37. Hudson sustained additional damages in trying to determine its rights under the Policy and obtain payment.

38. Federal's breach of its duty of good faith and fair dealing was either reckless or completed intentionally and with malice, such that punitive damages are warranted.

## COUNT THREE: NEGLIGENCE (TEDFORD)

39. Hudson realleges and incorporates by reference all preceding paragraphs as if restated herein.

40. Prior to purchasing the Policy, Plaintiff was led to believe that Tedford focused on the sale of business insurance policies.

41. Plaintiff requested from Tedford a policy of the appropriate coverage form and insurance types to cover a variety of business risks.

42. Tedford suggested Hudson purchase the Policy, which Hudson subsequently did.

43. Tedford owed Hudson a duty to recommend an insurance policy that would cover the risks that Hudson sought to cover.

44. In the event a jury or court of lawful jurisdiction determines that the Policy did not cover the loss that Hudson sustained, Tedford will have failed to procure for Hudson an insurance policy with proper coverage for the risk that Hudson sought to have covered.

45. In addition, Tedford failed to meaningfully assist Hudson in its attempts to have its claim paid, resulting in Hudson appearing to have a pending claim that adversely impacted its reputation and affected its ability to procure insurance coverage from other insurers.

46. Tedford's actions have damaged Hudson in an amount in excess of $75,000.

## COUNT FOUR: CONSTRUCTIVE FRAUD (TEDFORD)

47. Hudson realleges and incorporates by reference all preceding paragraphs as if restated herein.

48. Tedford owed Hudson a duty to fully disclose what benefits the Policy offered and what types of claims would be covered.

49. Tedford represented to Hudson that the Policy would offer coverage for claims of the type that Hudson suffered on June 11, 2020.

50. Hudson purchased the Policy in reliance on Tedford's representation and relied to its detriment.

51. In the event a jury or court of lawful jurisdiction determines that the Policy did not cover the loss that Hudson sustained, Tedford's representation will have been proven false.

52. Hudson has been damaged as a result of this misrepresentation through both nonpayment of its claim and all amounts spent purchasing the Policy, which will have proved to be an illusory agreement.

53. Tedford's actions have damaged Hudson in an amount in excess of $75,000.

54. Hudson hereby demands a jury trial in this matter.

WHEREFORE, Plaintiff R.L. Hudson & Company demands judgment in its favor against Defendants Federal Insurance Company and Tedford & Associates, LLC for actual for actual damages in an amount in excess of $334,388.13. In addition, Plaintiff seeks punitive damages as determined by a jury, attorneys' fees and court costs as determined by the Court, pre- and post-judgment interest at the rate of 15 percent pursuant to 36 O.S. § 3629, and any other relief the Court deems just and equitable.

Respectfully submitted,

**JOHNSON & JONES, P.C.**

_____

Whitney M. Eschenheimer, OBA# 17025
Jason L. Callaway, OBA No. 31958
Two Warren Place
6120 S. Yale Ave., Ste 500
Tulsa, OK 74136
918-584-6644 (phone)
889-789-0940 (fax)
wme@johnson-jones.com
jcallaway@johnson-jones.com

**ATTORNEY'S LIEN**